IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3054 |
| | ) | |
| v. | ) | |
| | ) | |
| BANS TSANH TRUONG, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

On October 21, 2010, the court held an in-chambers conference with defendant's retained counsel, Theodore W. Vrana; defendant's standby counsel, Joel G. Lonowski; and the government's counsel, Janice Lipovsky. The purpose of the conference was to determine how this case should proceed following the defendant's change of plea hearing, which began on October 6, 2010 but was then suspended pending appointment and consultation with standby counsel.

As of the time of the conference, Mr. Lonowski had conferred with Mr. Vrana and received a copy of the defendant's file, but had not yet fully reviewed the file or met with the defendant. Eight CDs of Rule 16 evidence disclosed by the government, but no printed versions of the evidence, were within the file received from Mr. Vrana.

In response to the court's questioning, Mr. Vrana acknowledged he had not reviewed all the government's evidence, but stated the Vietnamese interpreter he employs did review and report to Mr. Vrana regarding the evidence. The interpreter is not a lawyer. No pretrial motions were filed in this case. Mr. Vrana relied on his review of some of the evidence, the interpreter's review of the evidence, and his client's statements in deciding not to file pretrial motions and that a guilty plea, rather than a trial, was appropriate. Mr. Vrana was unable to explain the terms of the defendant's plea agreement, and acknowledged he did not advise the defendant of the potential deportation consequences of pleading guilty to the pending felony charges.

Mr. Vrana has not moved to withdraw and does not wish to withdraw from this case. The defendant has not asked Mr. Vrana to withdraw and has not requested new or appointed counsel. However, based on Mr. Vrana's statements, the court finds all phases of defendant's case preparation should be repeated. Mr. Lonowski was instructed to review the entire file, including all evidence within the file, and prepare this case. Ms. Lipovsky offered and agreed to work directly with Mr. Lonowski to assure he had all records relevant to this case

Accordingly,

IT IS ORDERED:

1) Mr. Lonowski is hereby appointed as primary counsel for the defendant. An attorney-client relationship exists between the defendant and both his attorneys, Mr. Vrana and Mr. Lonowski, for the purposes of determining if communications are privileged.

2) Mr. Lonowski and Ms. Lipovsky may exchange information and discuss the defendant's case outside Mr. Vrana's presence and without including Mr. Vrana in the communications.

3) Mr. Lonowski may meet and communicate with the defendant outside Mr. Vrana's presence and without including Mr. Vrana in the communications.

4) Mr. Vrana remains defendant's retained counsel and, to the extent his assistance is needed, shall fully cooperate with Mr. Lonowski's introduction to the defendant, case preparation, review of the file and case history, and representation of the defendant.

5) Mr. Lonowski is given until November 22, 2010 to review the discovery in this case and, as appropriate, file pretrial motions on defendant's behalf.

6) A status conference will be held on November 23, 2010 at 1:00 p.m. in the chambers of the undersigned magistrate judge to discuss how the parties intend to proceed with this case. Mr. Lonowski, Mr. Vrana, and counsel for the government shall be present at this conference.

7) The ends of justice will be served by allowing the defendant additional time for case preparation and investigation, and the justice served by granting this extension of time outweighs the interests of the public and the defendant in a speedy trial. Accordingly, the time between the defendant's previous plea hearing, October 6, 2010 and November 23,

2010, shall be deemed excluded time in any computation of time under the requirements of the Speedy Trial Act, for the reason that the parties require additional time to adequately prepare the case, taking into consideration the due diligence of counsel, the novelty and complexity of the case, and the fact that the failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A) & (B).

DATED this 21st day of October, 2010.

                      BY THE COURT:

                      *s/ Cheryl R. Zwart*
                      United States Magistrate Judge